IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Stacey Juarez, ) | Case No.: 04-10742-BGC-13 |
| ) | |
| Debtor. ) | |

## ORDER DENYING OBJECTION TO CLAIM

The matters before the Court are the Debtor's Objection to Claim Number 2 of Arcadia Financial Ltd. (now Citifinancial Auto Ltd.) filed on August 2, 2005, and the Response to Debtor's Objection to Claim filed on August 18, 2005, by Citifinancial Auto Ltd. After notice, a hearing was held on September 6, 2005. Appearing were the debtor; the debtor's attorney, Mr. Scott Nipper; Mr. Stuart Albea, attorney for Transouth/Arcadia; and Mr. Charles King, the Assistant Chapter 13 Trustee.

The matters were submitted on the record in this case, the arguments of counsel, and the Brief in Support of Response to Debtor's Objection to Claim filed on September 20, 2005, by Citifinancial Auto Ltd. Based on the facts before the Court and the persuasive authority of Chrysler Financial Corporation v. Nolan, 232 F.3d 528 (6th Cir. 2000), the Court concludes that the debtor's objection is due to be denied. A Chapter 13 debtor may not modify a confirmed plan to surrender collateral for a secured claim, and then reclassify any deficiency as unsecured to be paid as provided for unsecured debts in the confirmed plan.

## II. Facts

The creditor, Citifinancial Auto Ltd., filed a proof of claim in this case for $22,033.35. The claim was secured by a security interest in a 2002 Honda Accord automobile. By stipulation between the parties, the secured portion of the creditor's claim was allowed in the reduced amount of $15,925. That stipulation was memorialized in the order pertaining to the creditor's claim which was entered in this case on March 8, 2005. By default, the remaining $6,108.00 owed to the creditor on the car was relegated to an unsecured claim. The debtor's plan, which was confirmed on March 9, 2005, provides for payment of secured claims in full with interest and payment of a one percent dividend on unsecured claims.

Subsequent to confirmation, the debtor surrendered the Honda to the creditor. After application of the proceeds realized from the creditor's sale of the car and payments previously received by the creditor pursuant to the plan, the balance owed on the secured portion of the creditor's claim is $8,565.

### III. Contentions and Issue

The debtor's objection seeks to have the $8,565 balance treated as an unsecured claim. The debtor's theory is that since the collateral, which formerly secured the claim is no more, the claim is, by definition, unsecured. The creditor contends that the balance on the secured portion of its claim remains secured under the confirmation order.

The issue is whether the $8,565 balance is secured after the debtor surrendered the vehicle.

### IV. Conclusions

The result the debtor seeks would be a <u>de facto</u> modification of the confirmed plan pursuant to 11 U.S.C. § 1329(a) to reclassify the creditor's secured claim, or what remains of it, as an unsecured claim. This Court agrees with other courts that, "a debtor cannot modify a plan under section 1329(a) by: 1) surrendering the collateral to a creditor; 2) having the creditor sell the collateral and apply the proceeds toward the claim; and 3) having any deficiency classified as an unsecured claim." <u>Chrysler Financial Corporation v. Nolan</u>, 232 F.3d 528, 535 (6th Cir. 2000). <u>Accord</u> <u>In re Jackson</u>, 280 B.R. 703 (Bankr. S.D. Ala. 2001); <u>In re Barclay</u>, 276 B.R. 276 (Bankr. N.D. Ala. 2001).

As Bankruptcy Judge Margaret A. Mahoney explained in <u>Jackson</u>:

> This Court finds the reasoning of the Sixth Circuit in Nolan persuasive. The decision is a harsh one for debtors. It will force them to make decisions about the retention or surrender of vehicles before confirmation. Otherwise, deficiency payments after surrender will continue to be secured debts. This is a major departure from the Court's prior practice. Debtors will have to be very careful in formulating plans. Otherwise, if they wish to surrender collateral, they may be forced to dismiss their cases and refile to insure unsecured status for postconfirmation deficiency claims. Based upon the language of the Code, the Court believes the conclusion is the only logical one.

<u>Id.</u> at 705 (footnote omitted).

This Court agrees. Consequently, the debtor must continue, in accordance with the terms of the confirmed plan, to pay the creditor's secured claim as a secured claim. Therefore, the objection to the creditor's secured claim must be denied.

It is therefore **ORDERED, ADJUDGED and DECREED** that:

1. The Debtor's Objection to Claim Number 2 of Citifinancial Auto Ltd. f/k/a Arcadia Financial Ltd. is **DENIED**;

2. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.


Dated: February 10, 2006                    /s/Benjamin Cohen
                                            BENJAMIN COHEN
                                            United States Bankruptcy Judge


BGC:sm

cc:   Michael Trucks, attorney
      Stuart Albea, attorney
      Charles King, Assistant Chapter 13 Trustee

3